UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

*FILED*

2015 FEB -4 PM 7:04

CLERK
U.S. DISTRICT COURT
E.D.N.Y.

------------------------------------------------------------------X

VINCENT MITCHELL,

                     Plaintiff,

        -against-

CITY OF NEW YORK, JOHN KLEIN, Individually,
and JOHN and JANE DOE 1 through 10, Individually (the names
John and Jane Doe being fictitious, as the true names are presently
unknown),

                           Defendants.

**COMPLAINT**

Index No.

CV 15 - 0565

Jury Trial Demanded

REYES, M.J

------------------------------------------------------------------X

       Plaintiff VINCENT MITCHELL, by his attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully alleges as follows:

## Preliminary Statement

    1.    Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1981, 1983, and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiff also asserts supplemental state law claims.

## JURISDICTION

    2.    This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

    3.    Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

    4.    Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff VINCENT MITCHELL is a thirty-six year old Trinidadian citizen residing in Brooklyn, New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants, JOHN KLEIN, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW

2

YORK.

## FACTS

12.     On November 6, 2013, at approximately 6:40 p.m., plaintiff VINCENT MITCHELL was lawfully present in front of 39-07 Prince Street, Queens, New York, when defendants NYPD officers JOHN KLEIN and JOHN DOE 1 falsely arrested him.

13.     MITCHELL was employed at the time of his arrest by Shiel Laboratories, and was operating a work vehicle picking up blood samples and other specimens from Xubien Clinic located at 39-07 Prince Street, Queens, New York.

14.     At said time, defendants KLEIN and DOE 1 unlawfully issued MITCHELL a parking ticket for his work vehicle.

15.     The defendants placed parking summons no. 1361714268 under the windshield wiper of MITCHELL'S car and then re-entered their NYPD vehicle, which was parked nearby.

16.     MITCHELL, in an attempt to explain the circumstances surrounding the summons to his employer, exited his vehicle and observed that there were no traffic signs indicating that his vehicle was parked illegally.  He then took photographs of his vehicle and the location where it was parked and then re-entered his vehicle.

17.     Defendants KLEIN and DOE 1 then approached MITCHELL, ordered him out of his car and told him that he was under arrest for disorderly conduct.

18.     MITCHELL exited his vehicle.   The defendant officers rear-handcuffed MITCHELL and transported him to the NYPD's 109th precinct station house.  At the precinct, MITCHELL was placed inside a holding cell.

19.     Defendants KLEIN and DOE 1 conspired to maliciously abuse criminal process

3

against MITCHELL and at approximately 9:00 p.m., the defendants released MITCHELL and issued him a desk appearance ticket, directing him to appear at Queens County Criminal Court on January 7, 2014.

20.     MITCHELL appeared in Queens County Criminal Court on January 7, 2014 and was arraigned on false charges of disorderly conduct, failure to comply with a lawful traffic direction, under docket no. 2013QN068264; said charges having been filed based on the false allegations of defendant KLEIN.  The defendant officers conspired to initiate said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: in an effort to avoid discipline for their false arrest of MITCHELL.

21.     Specifically, defendant KLEIN false swore, under the penalty of perjury, in the Criminal Court complaint that MITCHELL "double parked which caused a public inconvenience by obstructing traffic . . . [and that once KLEIN] "issued the parking summons [MITCHELL] refused to move said vehicle and continued to refuse after numerous warnings."  These allegations are entirely false.

22.     The false charges filed in Queens County Criminal Court were adjourned in contemplation of dismissal on January 7, 2014 and subsequently dismissed and sealed.

23.     The parking adjudication court of the NYC Department of Finance found that MITCHELL was "Not Guilty" of parking summons no. 1361714268.

24.     The defendant officers falsely arrested MITCHELL in retaliation for taking photographs of MITCHELL's car and due to discrimination against MITCHELL based on his race and/or nationality.

4

25. The defendant NYPD officers JOHN and JANE DOE 2 through 7 knew that defendant KLEIN and DOE 1 falsely arrested MITCHELL and failed to intervene in the illegal conduct described herein.

26. The defendant NYPD officers JOHN and JANE DOE 8 through 10 were supervisory officers who supervised and oversaw the other defendant officers.

27. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees, due to discrimination against plaintiff due to his race and/or nationality, and pursuant to a policy, custom or practice of falsification.

28. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints filed with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants are insufficiently trained regarding: arrest individuals in retaliation for taking photographs and due to discrimination against them based on their race or nationality; and engage in a practice of falsification.

29. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

30. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament,

maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

31.     As a result of the foregoing, plaintiff VINCENT MITCHELL sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his liberty and his constitutional rights.

**Federal Claims**

**AS AND FOR A FIRST CAUSE OF ACTION**
(Deprivation of Rights Under 42 U.S.C. § 1983)

32.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "31" with the same force and effect as if fully set forth herein.

33.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

34.     All of the aforementioned acts deprived plaintiff VINCENT MITCHELL of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

35.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

36.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police

6

Department, all under the supervision of ranking officers of said department.

37.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

38.     As a result of the foregoing, plaintiff VINCENT MITCHELL is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
### (False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

39.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40.     Defendants arrested plaintiff VINCENT MITCHELL without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

41.     Defendants caused plaintiff VINCENT MITCHELL to be falsely arrested and unlawfully imprisoned.

42.     As a result of the foregoing, plaintiff VINCENT MITCHELL is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Violation of Right to Fair Trial under 42 U.S.C. § 1983)

43.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44.     Defendants created false evidence against plaintiff VINCENT MITCHELL.

45.     Defendants utilized this false evidence against plaintiff VINCENT MITCHELL in legal proceedings.

46.     As a result of defendants' creation and use of false evidence, plaintiff VINCENT MITCHELL suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

47.     As a result of the foregoing, plaintiff VINCENT MITCHELL is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

48.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49.     Defendants issued criminal process against plaintiff VINCENT MITCHELL by causing his arrest and prosecution in a criminal court.

50.     Defendants caused plaintiff VINCENT MITCHELL to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline for their abuse of authority, and thereby violated plaintiff's right to be free from

malicious abuse of process.

51.     As a result of the foregoing, plaintiff VINCENT MITCHELL is entitled to
compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive
damages against the individual defendants in an amount to be fixed by a jury, plus reasonable
attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FIFTH CAUSE OF ACTION**
(Failure to Intervene under 42 U.S.C. § 1983)

52.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in
paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53.     Defendants had an affirmative duty to intervene on behalf of plaintiff VINCENT
MITCHELL, whose constitutional rights were being violated in their presence by other officers.

54.     The defendants failed to intervene to prevent the unlawful conduct described
herein.

55.     As a result of the foregoing, plaintiff VINCENT MITCHELL'S liberty was
restricted for an extended period of time, he was put in fear of his safety, he was subjected to
handcuffing, and he was humiliated and compelled to appear in criminal court.

56.     As a result of the foregoing, plaintiff VINCENT MITCHELL is entitled to
compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive
damages against the individual defendants in an amount to be fixed by a jury, plus reasonable
attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SIXTH CAUSE OF ACTION**
(Supervisory Liability under 42 U.S.C. § 1983)

57.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in

9

paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58.     The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

59.     As a result of the foregoing, plaintiff VINCENT MITCHELL is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

60.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61.     The defendants falsely arrested plaintiff VINCENT MITCHELL because of the plaintiff's national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

62.     As a result of the foregoing, plaintiff VINCENT MITCHELL was deprived of his rights under the Equal Protection Clause of the United States Constitution.

63.     As a result of the foregoing, plaintiff VINCENT MITCHELL is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

64.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

66.     The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, inadequate screening, hiring, retaining, training and supervising its employees, and engaging in falsification, that were the moving forces behind the violation of plaintiff VINCENT MITCHELL'S rights as described herein.  As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

67.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff VINCENT MITCHELL.

68.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff VINCENT MITCHELL as alleged herein.

69.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff VINCENT MITCHELL as alleged herein.

70.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff VINCENT MITCHELL was unlawfully arrested and compelled to appear in court.

71.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff VINCENT MITCHELL'S constitutional rights.

72.    All of the foregoing acts by defendants deprived plaintiff VINCENT MITCHELL of federally protected rights, including, but not limited to, the right:

      A.    Not to be deprived of liberty without due process of law;

      B.    To be free from false arrest/unlawful imprisonment;

      C.    To be free from the failure to intervene;

      D.    To receive his right to fair trial;

      E.    To be free from malicious abuse of process; and

      F.    To receive equal protection under law.

73.    As a result of the foregoing, plaintiff VINCENT MITCHELL is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**Supplemental State Law Claims**

74.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "73" with the same force and effect as if fully set forth herein.

75.     Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

76.     The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

77.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

78.     Plaintiff has complied with all conditions precedent to maintaining the instant action.

79.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR A NINTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

80.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "79" with the same force and effect as if fully set forth herein.

81.     Defendants arrested plaintiff VINCENT MITCHELL without probable cause.

82.     Plaintiff was detained against his will for an extended period of time and subjected to physical restraints.

83.     As a result of the aforementioned conduct, plaintiff VINCENT MITCHELL was

13

unlawfully imprisoned in violation of the laws of the State of New York.

84.    As a result of the aforementioned conduct, plaintiff VINCENT MITCHELL suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

85.    As a result of the foregoing, plaintiff VINCENT MITCHELL is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A TENTH CAUSE OF ACTION**
(Assault under the laws of the State of New York)

86.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "85" with the same force and effect as if fully set forth herein.

87.    As a result of the foregoing, plaintiff VINCENT MITCHELL was placed in apprehension of imminent harmful and offensive bodily contact.

88.    As a result of defendant's conduct, plaintiff VINCENT MITCHELL has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

89.    As a result of the foregoing, plaintiff VINCENT MITCHELL is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

90.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "89" with the same force and effect as if fully set forth herein.

91.     Defendants made offensive contact with plaintiff VINCENT MITCHELL without privilege or consent.

92.     As a result of defendants' conduct, plaintiff VINCENT MITCHELL has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

93.     As a result of the foregoing, plaintiff VINCENT MITCHELL is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TWELFTH CAUSE OF ACTION
(Malicious Abuse of Process under laws of the State of New York)

94.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "93" with the same force and effect as if fully set forth herein.

95.     Defendants issued criminal process against plaintiff VINCENT MITCHELL by causing him to be arrested, arraigned and prosecuted in criminal court.

96.     Defendants caused plaintiff VINCENT MITCHELL to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline for their abuse of authority.

97.     As a result of the foregoing, plaintiff VINCENT MITCHELL is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

98. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "97" with the same force and effect as if fully set forth herein.

99. Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff VINCENT MITCHELL.

100. Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

101. As a result of the foregoing, plaintiff VINCENT MITCHELL is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

102. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "101" with the same force and effect as if fully set forth herein.

103. Upon information and belief the defendant CITY OF NEW YORK failed to use

16

reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the excessive use of force against and the arrest of plaintiff VINCENT MITCHELL.

104.   As a result of the foregoing, plaintiff VINCENT MITCHELL is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

105.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "104" with the same force and effect as if fully set forth herein.

106.   Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

107.   As a result of the foregoing, plaintiff VINCENT MITCHELL is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SIXTEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

108.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in

17

paragraphs numbered "1" through "107" with the same force and effect as if fully set forth herein.

109. Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

110. As a result of the foregoing, plaintiff VINCENT MITCHELL is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SEVENTEENTH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §11)

111. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "110" with the same force and effect as if fully set forth herein.

112. As a result of defendants' conduct, plaintiff was deprived of his right to equal protection of laws.

113. As a result of the foregoing, plaintiff VINCENT MITCHELL is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
(Violation of NYS Constitution Article 1 §12)

114. Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "113" with the same force and effect as if fully set forth herein.

115.    As a result of defendants' conduct, plaintiff VINCENT MITCHELL was deprived of his right to security against unreasonable searches, seizures, and interceptions.

116.    As a result of the foregoing, plaintiff VINCENT MITCHELL is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff VINCENT MITCHELL demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individual defendants in an amount to be determined by a jury;

(C)     reasonable attorneys' fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: Brooklyn, New York
            February 4, 2015

LEVENTHAL & KLEIN, LLP
Attorneys for Plaintiff VINCENT MITCHELL
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100

By:    _____
          BRETT H. KLEIN (BK4744)
          JASON LEVENTHAL (JL1067)